Jennifer Bergh, Esq. (SBN 305219)
Kristin A. Zilberstein, Esq. (SBN 200041)
Adam P. Thursby, Esq. (SBN 318465)
THE LAW OFFICES OF MICHELLE GHIDOTTI
1920 Old Tustin Ave.
Santa Ana, CA 92705
Tel: (949) 427-2010
Fax: (949) 427-2732
Email: athursby@ghidottilaw.com

Attorneys for Creditor:
Carvana LLC

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA –LOS ANGELES DIVISION

| | |
|---|---|
| In re: | Case No. 18-17170-VZ |
| James Alan Williams & Linda Carol Williams | Chapter 13 |
| Debtors. | OBJECTION TO CONFIRMATION OF DEBTOR'S PLAN |
| | 341(a) Hearing<br>DATE: 7/26/18<br>TIME: 9:00 A.M.<br>PLACE: Room 1, 915 Wilshire Blvd, 10th Floor, Los Angeles, CA 90017 |
| | Confirmation Hearing<br>DATE: 9/16/19<br>TIME: 9:00 A.M.<br>PLACE: Courtroom 1368, 255 E Temple St, Los Angeles, CA 90012 |

1

TO THE HONORABLE VINCENT P. ZURZOLO, UNITED STATES BANKRUPTCY JUDGE, THE DEBTORS, THEIR ATTORNEY OF RECORD AND THE CHAPTER 13 TRUSTEE, ROD DANIELSON:

Carvana LLC ("**Creditor**"), a secured creditor of Linda C. Williams ("**Debtor**"), hereby objects to the confirmation of Debtor's Chapter 13 Plan (the "**Plan**") on the grounds that the Plan does not comply with the provisions of Chapter 13 of Title 11, United States Code, and with other applicable provisions of said Title 11.

This objecting Creditor holds a purchase money security interest in a 2016 Buick Verano, motor vehicle (the "**Vehicle**"), with a VIN No.: of 1G4PW5SK9G4164094.

**STATEMENT OF FACTS**

1. On or about June 22, 2018, Debtor filed a voluntary Petition under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court, Central District of California, Petition No.: 18-bk-17170-VZ (the "**Instant Petition**").

2. On or about December 21, 2017, the Debtor entered into the Contract with Creditor. The proceeds of the Contract were used to purchase the Vehicle. A true and correct copy of the Contract is attached to the Objection as Exhibit "A".

3. The Contract is secured by a Lien on a vehicle described as a 2016 Buick Verano, motor vehicle (the "**Vehicle**"), with a VIN No.: of 1G4PW5SK9G4164094 ("**Vehicle**"). A true and correct copy of the Certificate of Title is attached to the Objection as Exhibit "B".

4. The Debtor's plan fails to provide for the Creditor.

5. The total amount owed to Creditor totals no less than $15,396.49, pursuant to Creditor's timely filed Proof of Claim at 26.16%.

2

**II**

**ARGUMENT**

Application of the provisions of *11 United States Code Section 1325* determines when a Plan shall be confirmed by the Court.   Based on the foregoing, as more fully detailed below, the Plan cannot be confirmed as proposed.

**A. CREDITOR'S CLAIM IS A 910-DAY CLAIM**:

Code Section 506 shall not apply to a claim described in that paragraph if the creditor has a purchase money security interest securing the debt that is the subject of the claim, the debt was incurred within the 910–day period preceding the date of the filing of the petition, and the collateral for that debt consists of a motor vehicle (as defined in section 30102 of title 49) acquired for the personal use of the debtor. A claim secured by a purchase money security interest in a motor vehicle and incurred within 910 days of the commencement of the bankruptcy case is classified as a 910-day claim.  Debtor purchased the Vehicle on December 21, 2017. Debtor filed the Instant Petition 182 days before the Instant Petition was filed and thus Creditor's Claim is not subject to cram down.  The Debtor's Vehicle was purchased for personal use pursuant to the Contract attached as Exhibit A.  Therefore, Creditor's Claim is no subject to cram down and should be paid in full via the plan.


**B. DOES NOT MEET FULL VALUE REQUIREMENT**
11 U.S.C. §1325(a)(5)(B)(ii)

The Debtor's Plan does not provide for payment of the Creditor's claim. Because creditor's claim was incurred less than 910 days before filing, the plan must provide for full payment of

Secured Creditor's claim. The Plan does not meet the full value requirement and fails to satisfy 11 U.S.C. §1325(a)(5)(B)(ii).

WHEREFORE, Creditor objects to confirmation of the Plan and requests as follows:

1. Confirmation of the Proposed Chapter 13 Plan be denied; or, in the alternative,

2. Debtor's plan be amended to provide for secured Creditor's claim

DATED:  August 17, 2018              THE LAW OFFICES OF MICHELLE GHIDOTTI

By: /s/ Kristin A. Zilberstein
Kristin A. Zilberstein, Esq.
Attorneys for Carvana LLC

# EXHIBIT "A"

# Conditional Sale Contract and Security Agreement

**Seller Name and Address**
CARVANA, LLC
63 PIERCE RD
WINDER GA 30680-7280

**Buyer and Co-Buyer Name(s) and Address(es)**
Linda Williams
1981 Santa Ana S
Los Angeles CA 90059

Contract No. _____
Date  12/21/17

Dealer # ___N/A___  ROS# ___N/A___  Stock # ___

Primary use of the vehicle is personal, family, or household use unless otherwise indicated: ☐ Primary use is business, commercial or agricultural purpose.

## Truth-In-Lending Disclosure

| Annual Percentage Rate<br>The cost of your credit as a yearly rate. | Finance Charge<br>The dollar amount the credit will cost you. | Amount Financed<br>The amount of credit provided to you or on your behalf. | Total of Payments<br>The amount you will have paid when you have made all scheduled payments. | Total Sale Price<br>The total cost of your purchase on credit, including your down payment of $1,000.00 |
|---|---|---|---|---|
| 26.16 % | $ 15,703.75 | $ 15,989.50 | $ 31,693.25 | $ 32,693.25 |

(e) means estimate

**Payment Schedule.** Your payment schedule is:

| No. of Payments | Amount of Payments | When Payments are Due monthly beginning |
|---|---|---|
| 71 | $ 443.00 | 01/20/18 |
| 1 | $ 240.25 | 12/20/23 |
| N/A | $ N/A | N/A |
| N/A | $ N/A | N/A |
| N/A | $ N/A | N/A |

**Security.** You are giving us a security interest in the Property purchased.
**Late Charge.** If all or any portion of a payment is not paid within 10 days of its due date, you will be charged a late charge of 5% of the unpaid amount of the payment due.
**Prepayment.** If you pay off this Contract early, you will not have to pay a penalty.
**Contract Provisions.** You can see the terms of this Contract for any additional information about nonpayment, default, any required repayment before the scheduled date, and prepayment refunds and penalties.

## Description of Property

| New/Used | Year | Make | Model | Style | Vehicle Identification Number | Odometer Mileage |
|---|---|---|---|---|---|---|
| Used | 2016 | Buick | Verano | Sedan | 1G4PW5SK9G4164094 | 22445 |

## Trade-In Description; Payoff Accuracy; Agreement

Trade-In Vehicle:
N/A   N/A   N/A
Year  Make  Model
N/A   N/A   N/A
Odometer  VIN

The payoff amount of your trade-in is shown in 6.B. of the Itemization of Amount Financed on Page 2. We relied on information from you and/or the lienholder or lessor of your trade-in vehicle to arrive at the amount shown in 6.B. You understand the payoff amount is an estimate. You agree that if the actual payoff amount is greater than the payoff amount shown in 6.B. you will pay us the difference if we ask for it. If the actual payoff amount is less than the amount shown in 6.B. we will refund to you any overage we receive from your prior lienholder or lessor. Subject to the NOTICE in the "Owner Agreement" section of this Contract, any assignee of this Contract will not be obligated to pay the amount shown in 6.B. or any refund.

*Linda Williams*    N/A
**Buyer:** Linda Williams    **Co-Buyer:** N/A

## Important Notices

**Seller Assisted Loans.**
You may be required to pledge security for the loan. You will be obligated for the installment payments on both this Conditional Sales Contract and the Loan.

Lender on loan  N/A
Amount $ N/A    Finance Charge $ N/A
Total $ N/A    Payable in N/A installments of
$ N/A . $ N/A of loan proceeds
included in item 6.D. of the Itemization of Amount Financed on Page 2.

**Auto Broker Fee.**
**If the Vehicle is new, this transaction is not subject to a fee received by an auto broker from us unless this box is checked:**

☐ Name of auto broker receiving fee: _____

**Itemization of Amount Financed** *(Seller may retain or receive part of the amounts paid to others.)*

1. Cash Price Itemization
   A. Cash Price (excluding items 1.B to L.3) ..................................................... $ 15,300.00
      1. Cash Price of Vehicle    $ 15,300.00
      2. Cash Price of Accessories    $ N/A
      3. Other ___N/A___    $ N/A
         ___N/A___    $ N/A
   B. Document Processing Charge (not a governmental fee)    $ N/A
   C. Emissions Testing Charge (not a governmental fee)    $ N/A
   D.1 (Optional) Theft Deterrent Device paid to ___N/A___    $ N/A
   D.2 (Optional) Theft Deterrent Device paid to ___N/A___    $ N/A
   D.3 (Optional) Theft Deterrent Device paid to ___N/A___    $ N/A
   E.1 (Optional) Surface Protection Product paid to ___N/A___    $ N/A
   E.2 (Optional) Surface Protection Product paid to ___N/A___    $ N/A
   F. EV Charging Station paid to ___N/A___    $ N/A
   G.1 Sales Tax (on taxable items in A through F.)    $ 1,453.50
   G.2 Other Taxes ___N/A___    $ N/A
   H. Electronic Vehicle Registration or Transfer Charge (not a
      governmental fee) paid to ___N/A___    $ N/A
   I.1 (Optional) Service Contract paid to ___N/A___    $ N/A
   I.2 (Optional) Service Contract paid to ___N/A___    $ N/A
   I.3 (Optional) Service Contract paid to ___N/A___    $ N/A
   I.4 (Optional) Service Contract paid to ___N/A___    $ N/A
   I.5 (Optional) Service Contract paid to ___N/A___    $ N/A
   J. Prior Credit or Lease Balance paid to ___N/A___ (e)    $ 0.00
      (see down payment and trade-in calculation)
   K. Optional Gap Waiver paid to Seller    $ N/A
   L.1 (Optional) Used Vehicle Contract Cancellation Option Agreement    $ N/A
   L.2 Other paid to ___N/A___ for ___N/A___    $ N/A
   L.3 Other paid to ___N/A___ for ___N/A___    $ N/A
   M. Total Cash Price (A through L.3)    $ 16,753.50    (1)
2. Amounts Paid to Public Officials
   A. License Fees    $ 212.00
   B. Registration/Transfer/Titling Fees    $ 20.00
   C. California Tire Fees    $ N/A
   D. Other ___N/A___    $ N/A
   Total Official Fees (A through D)    $ 236.00    (2)
3. Amount Paid to Insurance Companies (See Statement of Insurance, Totals (1) and (2))    $ N/A    (3)
4. ☐ State Emissions Certification Fee or  ☐ State Exemption Fee    (Paid to State)    $ N/A    (4)
5. Subtotal (1 through 4)    $ 16,989.50    (5)
6. Total Downpayment
   A. Agreed Trade-In Value    $ 0.00
   B. Less Prior Credit or Lease Balance (e)    $ N/A
   C. Net Trade-In (A less B) (indicate if a negative number)    $ 0.00
   D. Deferred Downpayment    $ N/A
   E. Manufacturer's Rebate    $ N/A
   F. Other ___N/A___    $ N/A
   G. Cash    $ 1,000.00
   Total Downpayment (C through G)    $ 1,000.00    (6)
   (If negative, enter zero on line 6 and enter the amount less
   than zero as a positive number on line 1.J. above)
7. Prepaid Finance Charge    $ N/A    (7)
8. Amount Financed (5 less 6 and 7)    $ 15,989.50    (8)

REDACTED Case 2:18-bk-17170-VZ    Doc 25    Filed 08/20/18    Entered 08/20/18 16:48:52    Desc
Main Document    Page 8 of 16

THIS IS A COPY
This is a copy view of the Authoritative Copy held
by the designated custodian

## Statement of Insurance

NOTICE. No person is required as a condition precedent to financing the purchase of an automobile that any insurance be negotiated or purchased through a particular insurance agent or broker.
You must insure the Vehicle and other property securing this Contract. See the "Property Insurance" section on Page 5 of this Contract. You are not required to provide any other insurance.

### Property Insurance

|  | | Term | Premium |
|---|---|---|---|
| $ N/A Ded. Comp., Fire & Theft | | N/A Mos. | $ N/A |
| $ N/A Ded. Collision | | N/A Mos. | $ N/A |
| Bodily Injury $ N/A limits | | N/A Mos. | $ N/A |
| Property Damage $ N/A limits | | N/A Mos. | $ N/A |
| Medical N/A | | N/A Mos. | $ N/A |
| N/A | | N/A Mos. | $ N/A |
| Total Property Insurance Premiums | | | $ N/A (1) |

UNLESS A CHARGE IS INCLUDED IN THIS AGREEMENT FOR PUBLIC LIABILITY OR PROPERTY DAMAGE INSURANCE, PAYMENT FOR SUCH COVERAGE IS NOT PROVIDED BY THIS AGREEMENT.

You may buy the required Property Insurance from any company reasonably acceptable to us.

Buyer ____N/A____
Co-Buyer ____N/A____
Seller ____N/A____

If you purchase any optional credit insurance, then policies or certificates from the insurer will describe the terms and conditions.

### Application for Optional Credit Insurance

☐ Credit life:   ☐ Buyer   ☐ Co-Buyer   ☐ Joint
☐ Credit disability (Buyer)

|  | Term | Exp. | Premium |
|---|---|---|---|
| Credit life: | N/A Mos. | N/A | $ N/A |
| Credit disability: | N/A Mos. | N/A | $ N/A |
| Total credit insurance premiums | $ N/A (2) | | |
| Name of insurance company | N/A | | |
|  | N/A | | |
| Address (home office) | N/A | | |

Credit insurance is not required to obtain credit and is not a factor in our credit decision. We will not provide it unless you sign and agree to pay the additional premium. If you want such insurance, we will obtain it for you (if you qualify for coverage). We have quoted above ONLY the coverages you have chosen to purchase.

You are applying for the credit insurance marked above. Your signature below means that you agree that: 1. You are not eligible for insurance if you have reached your 65th birthday. 2. You are not eligible for disability insurance unless you are working at least 30 hours a week for wages or profit on the Effective Date. 3. Only the Buyer, not the Co-Buyer, is eligible for disability insurance. **DISABILITY INSURANCE MAY NOT COVER CONDITIONS FOR WHICH YOU HAVE SEEN A DOCTOR OR CHIROPRACTOR IN THE LAST 6 MONTHS. REFER TO THE "TOTAL DISABILITIES NOT COVERED" SECTION IN YOUR POLICY FOR DETAILS.**

Sign if you want to buy credit insurance.

| N/A | N/A | N/A |
|---|---|---|
| Date | Buyer | Age |
| N/A | N/A | N/A |
| Date | Co-Buyer | Age |

**THE MINIMUM PUBLIC LIABILITY INSURANCE LIMITS PROVIDED IN LAW MUST BE MET BY EVERY PERSON WHO PURCHASES A VEHICLE. IF YOU ARE UNSURE WHETHER OR NOT YOUR CURRENT INSURANCE POLICY WILL COVER YOUR NEWLY ACQUIRED VEHICLE IN THE EVENT OF AN ACCIDENT, YOU SHOULD CONTACT YOUR INSURANCE AGENT.**

**WARNING:**

**YOUR PRESENT POLICY MAY NOT COVER COLLISION DAMAGE OR MAY NOT PROVIDE FOR FULL REPLACEMENT COSTS FOR THE VEHICLE BEING PURCHASED. IF YOU DO NOT HAVE FULL COVERAGE, SUPPLEMENTAL COVERAGE FOR COLLISION DAMAGE MAY BE AVAILABLE TO YOU THROUGH YOUR INSURANCE AGENT OR THROUGH THE SELLING DEALER. HOWEVER, UNLESS OTHERWISE SPECIFIED, THE COVERAGE YOU OBTAIN THROUGH THE DEALER PROTECTS ONLY THE DEALER, USUALLY UP TO THE AMOUNT OF THE UNPAID BALANCE REMAINING AFTER THE VEHICLE HAS BEEN REPOSSESSED AND SOLD.**

**FOR ADVICE ON FULL COVERAGE THAT WILL PROTECT YOU IN THE EVENT OF LOSS OR DAMAGE TO YOUR VEHICLE, YOU SHOULD CONTACT YOUR INSURANCE AGENT.**

**THE BUYER SHALL SIGN TO ACKNOWLEDGE THAT HE/SHE UNDERSTANDS THESE PUBLIC LIABILITY TERMS AND CONDITIONS.**
S/S _Linda Williams_   S/S _N/A_

## Additional Protections

You may buy or decline the following Gap Waiver (debt cancellation agreement) or any of the following service or other contracts. They are not required to obtain credit, are not a factor in the credit decision, and are not a factor in the terms of the credit or the related sale of the Vehicle. These voluntary protections will not be provided unless you sign and agree to pay the additional cost.
Your signature below means that you want the described item and that you have received and reviewed a copy of the contract(s) for the product(s). If no charge is given for an item, you have declined to purchase any such item. References to "1.I.1." to "1.I.5.", "1.K.", and "1.L.1." below are to the Itemization of Amount Financed on Page 2 of this Contract.

### Service Contracts

| Company | Term | Price |
|---|---|---|
| N/A | | See 1.I.1 |
| N/A | N/A | See 1.I.2 |
| N/A | N/A | See 1.I.3 |
| N/A | N/A | See 1.I.4 |
| N/A | N/A | See 1.I.5 |

_Linda Williams_   12/21/17   N/A   N/A
Buyer: Linda Williams   Date   Co-Buyer: N/A   Date

☐ Gap Waiver
Term   N/A
Price   $ See 1.K.
See Gap Waiver (now made a part of this Contract) for conditions and exclusions.

☐ Optional Used Vehicle Contract Cancellation
Option Agreement   Price: See 1.L.1.

N/A   N/A   N/A   N/A
Buyer:   Date   Co-Buyer:   Date

---

### Additional Terms of this Contract and Security Agreement

**Finance Charge and Payments.** You agree to pay the Amount Financed and Finance Charge as provided in the Payment Schedule in the TRUTH-IN-LENDING DISCLOSURE on Page 1 of this Contract. You also agree to pay the Late Charge described on Page 1, and all other amounts required under this Contract. Finance Charge will be computed each day. Finance Charge is computed at the Annual Percentage Rate shown on Page 1 of this Contract. We may apply each payment to the Finance Charge, the unpaid part of the Amount Financed, and other amounts due under this Contract in any order we choose.

**Security.** To secure your payment and performance under the terms of this Contract, you give us a security interest in the Vehicle, all accessions, attachments, accessories, and equipment placed in or on the Vehicle, and all proceeds. You also assign to us and give us a security interest in proceeds and refunds under any insurance policy, service contract or other contract purchased with this Contract as the law allows.

**General Terms.** You have been given the opportunity to purchase the Vehicle and described services for the Total Cash Price or the Total Sale Price. The Total Sale Price is the total price of the Vehicle and any services if you buy them over time. You chose to purchase the Vehicle and services over time. The Total Sale Price shown in the TRUTH-IN-LENDING DISCLOSURE assumes that all payments will be made as scheduled. The actual amount you will pay will be more if you pay late and less if you pay early.

We do not intend to charge or collect, and you do not agree to pay, any finance charge or fee that is more than the maximum amount permitted for this sale by state or federal law. If you pay a finance charge or fee that is contrary to this provision, we will, instead, apply it first to reduce the Amount Financed balance, and when the Amount Financed has been paid in full, refund it to you. You understand and agree that we (or our affiliate) will earn commissions or fees on any insurance products, and may earn such fees on other goods and services that you buy through us or our affiliate.

If any section or provision of this Contract is not enforceable, the other terms will remain part of this Contract.

The law of California will govern this transaction. Applicable federal law and regulations also govern it.

The entire agreement between you and us is contained in this Contract. There are no unwritten agreements regarding this Contract. Any change to this Contract must be in writing and signed by you and us.

**Name and Location.** Your name and address indicated on Page 1 are your exact legal name and your principal residence. You will provide us with at least 30 days' notice prior to changing your name or principal residence.

You agree that the Vehicle will not be used as a dwelling.

**Prepayment.** You may prepay this Contract in full or in part at any time without penalty. Any partial prepayment will not excuse any later scheduled payments. If we get a refund of any unearned insurance premiums that you paid, you agree that we may subtract the refund from the amount you owe, unless otherwise provided by law.

**Ownership and Duties Toward Vehicle.** By giving us a security interest in the Vehicle, you represent and agree to the following:
  A. The security interest you are giving us in the Vehicle and other property comes ahead of the claim of any other of your general or secured creditors. You agree to sign any additional documents or provide us with any additional information we may require to keep our claim to the Vehicle and other property ahead of the claim of anyone else. You will not do anything to change our interest in the Vehicle and other property.
  B. You will defend our interests in the Vehicle and other property against claims made by anyone else. You will do whatever is necessary to keep our claim to the Vehicle and other property ahead of the claim of anyone else.
  C. You will keep the Vehicle in your possession in good condition and repair. You will use the Vehicle for its intended and lawful purposes. You agree not to remove the Vehicle from the U.S. or Canada, or to sell, rent, lease, or transfer any interest in the Vehicle or this Contract without our written permission. You agree to keep the Vehicle free from seizure, confiscation, or involuntary transfer. Unless otherwise agreed in writing, the Vehicle will be located primarily at your address listed on Page1 of this Contract.
  D. You will pay all taxes and assessments on the Vehicle as they become due.
  E. You will notify us of any loss or damage to the Vehicle. You will provide us reasonable access to the Vehicle for the purpose of inspection. Our entry and inspection must be accomplished lawfully, and without breaching the peace.

**Default.** You will be in default on this Contract if any one of the following occurs (except as prohibited by law):
  A. You fail to perform any obligation that you have undertaken in this Contract.
  B. You become a debtor in any bankruptcy proceeding, or others take legal action to collect money or repossess the Vehicle from you.
  C. You fail to pay all you owe under this Contract if the Vehicle becomes a total loss or is missing or stolen.
  D. You give inaccurate, incomplete, or misleading information on your credit application or in this Contract (See the "Information You Provide to Us" section of this Contract).

If you default, you agree to pay our costs for collecting amounts owing, including, without limitation, court costs, attorneys' fees, and fees for repossession, repair, storage and sale of the Vehicle securing this Contract.

If an event of default occurs as to any one of you, we may exercise our remedies against any or all of you.

**Gap Liability Notice.** In the event of theft or damage to your Vehicle that results in a total loss, there may be a gap between the amount you owe under this Contract and the proceeds of your insurance settlement and deductible. THIS CONTRACT PROVIDES THAT YOU ARE LIABLE FOR THE GAP AMOUNT. Optional Gap Waiver may be offered for an additional charge.

**Remedies.** If you default on this Contract, we may exercise the remedies provided by law and this Contract subject to any right the law gives you to reinstate this Contract. Those remedies include:
  A. We may require you to immediately pay us, subject to any refund or reinstatement rights, the remaining unpaid balance of the Amount Financed, finance charges and all other agreed charges.
  B. We may pay taxes, assessments, or other liens or make repairs to the Vehicle if you have not done so. We are not required to do so. You will repay us that amount when we

tell you to do so. That amount will earn finance charges from the date we pay it at the Annual Percentage Rate stated in the *Truth-In-Lending Disclosure* of this Contract, not to exceed the highest rate permitted by law.

C. We may require you to make the Vehicle available to us at a place we designate that is reasonably convenient to you and us.

D. We may immediately take possession of the Vehicle by legal process or self-help, but in doing so we may not breach the peace or unlawfully enter onto your premises. We may then sell the Vehicle and apply what we receive as provided by law to our reasonable expenses and then toward your obligations. Our reasonable expenses can include, among other things, costs of repossession, storage, sale preparation, and sale.

E. If the Vehicle is repossessed, a total loss, confiscated or stolen, we may claim benefits under or cancel any insurance, maintenance, service, or other contract purchased under this Contract and use the resulting proceeds or refund of unearned charges to reduce what you owe under this Contract.

F. Except when prohibited by law, we may sue you for remaining amounts if the proceeds of a sale do not pay all of the amounts you owe us. You will pay interest on these remaining amounts until paid at the Annual Percentage Rate shown on Page 1 of this Contract, not to exceed the highest rate permitted by law.

By choosing any one or more of these remedies, we do not waive our right to later use another remedy. By deciding not to use any remedy, we do not give up our right to consider the event a default if it happens again. You agree that, subject to your right to recover such property, we may take possession of personal property left in or on the Vehicle securing this Contract and taken into possession as provided above.

If the Vehicle has an electronic tracking device, you agree that we may use the device to find the Vehicle.

**Returned Check Charge.** You may be liable for collection costs incurred in connection with this Contract. This includes a fee, not to exceed $15, for each check, share draft or negotiable order of withdrawal offered as payment that is returned dishonored by a depository institution.

**Property Insurance.** You agree to buy property insurance on the Vehicle protecting against loss and physical damage and otherwise acceptable to us. You will name us as loss payee on any such policy. In the event of loss or damage to the Vehicle, we may require additional security or assurances of payment before we allow insurance proceeds to be used to repair or replace the Vehicle. You agree that if the insurance proceeds do not cover the amounts you still owe us, you will pay the difference. You may purchase or provide the insurance through any insurance company reasonably acceptable to us. You will keep the insurance in full force and effect until this Contract is paid in full. If you fail to obtain or maintain this insurance, or name us as a loss payee, we may obtain insurance to protect our interest in the Vehicle or, at our option, your and our interests in the Vehicle. This insurance may include coverages not required of you. This insurance may be written by a company other than one you would choose. It may be written at a rate higher than a rate you could obtain if you purchased the property insurance required by this Contract. We will add the premium for this insurance to the amount you owe us. Any amount we pay will be due immediately. This amount will earn finance charges from the date paid at the Annual Percentage Rate stated in the *Truth-In-Lending Disclosure* of this Contract or, at our option, the highest rate the law permits.

**Obligations Independent.** Each person who signs this Contract agrees to pay this Contract according to its terms. This means the following:
A. You must pay this Contract even if someone else has also signed it.
B. We may release any Co-Buyer or Guarantor and you will still be obligated to pay this Contract.
C. We may release any security and you will still be obligated to pay this Contract.
D. If we give up any of our rights, it will not affect your duty to pay this Contract.
E. If we extend new credit, it will not affect your duty to pay this Contract.

**Telephone Monitoring and Calling.** You agree that we may from time to time monitor and record telephone calls made or received by us or our agents regarding your account to assure the quality of our service. In order for us to service the account or to collect any amounts you may owe, and subject to applicable law, you agree that we may from time to time make calls and send text messages to you using prerecorded/artificial voice messages or through the use of an automatic dialing device at any telephone number you provide to us in connection with your account, including a mobile telephone number that could result in charges to you.

**Information You Provide to Us.** We have based our decision to enter into the Contract on the information you supplied in any credit applications and in this Contract, including the payoff amount on any trade-in. We relied on the information because you assured us it is accurate. You now repeat that assurance, and you warrant and represent as follows:
♦ All that information is accurate, complete and not misleading.
♦ You believe that information will remain correct and will not change. You have no reason to suspect otherwise.
♦ Unless you tell us in writing before you sign this Contract, Buyer and Co-Buyer will each use and own the Vehicle, even if that is not shown on the vehicle title.

You will provide us with documents and other information we request to verify that any items of that information are correct.

**Our Warranties: UNLESS WE AS SELLER, IN A SALE FOR PERSONAL USE, EITHER EXTEND A WRITTEN WARRANTY OR SERVICE CONTRACT WITHIN 90 DAYS OF THE DATE OF THIS CONTRACT, OR SELL THE VEHICLE WITH A WRITTEN WARRANTY, THERE ARE NO WARRANTIES, EXPRESS OR IMPLIED, CONCERNING THE VEHICLE, INCLUDING IMPLIED WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE.**

This provision does not affect any warranties of the Vehicle provided by the vehicle manufacturer. If the Vehicle was sold as a certified used vehicle, the warranty of merchantability is not disclaimed.

### *Claim Procedure*

If you have purchased credit disability insurance in connection with this Contract, the following claim procedure applies.

If you become disabled, tell us (your creditor) right away. (We advise you to send this information to the same address to which you are normally required to send your payments, unless a different address or telephone number is given to you in writing by us as the location where we would like to be notified.) We will tell you where to get claim forms. Send in the completed form to the insurance company as soon as possible and tell us as soon as you do.

If your disability insurance covers all of your missed payments, **WE CANNOT TRY TO COLLECT WHAT YOU OWE OR FORECLOSE UPON OR REPOSSESS ANY COLLATERAL UNTIL THREE CALENDAR MONTHS AFTER** your first missed payment is due or until the insurance company pays or rejects your claim, whichever comes first. We can, however, try to collect, foreclose, or repossess if you have money due and owing us or are otherwise in default when your disability claim is made or if a senior mortgage or lien holder is foreclosing.

If the insurance company pays the claim within the three calendar months, we must accept the money as though you paid on time. If the insurance company rejects the claim within the three calendar months or accepts the claim within the three calendar months as a partial disability and pays less than for a total disability, you will have 35 days from the date that the rejection or the acceptance of the partial disability claim is sent to pay past due payments, or the difference between past due payments and what the insurance company pays for the partial disability, plus late charges. You can contact us, and we will tell you how much you owe. After that time, we can take action to collect or foreclose or repossess any collateral you may have given.

If the insurance company accepts your claim but requires that you send in additional forms to remain eligible for continued payments, you should send in these completed additional forms no later than required. If you do not send in these forms on time, the insurance company may stop paying, and we will then be able to take action to collect or foreclose or repossess any collateral you may have given.

### Owner Agreement

(This section applies ONLY to a person who will have an ownership interest in the Property but is NOT a Buyer obligated to pay this Contract ("Third Party Owner").)

In this section only, "*you*" means only the person signing this section.

By signing below you agree to give us a security interest in the Property described in the *Description of Property* section. You also agree to the terms of this Contract except that you will not be liable for the payments it requires. Your Interest in the Property may be used to satisfy the Buyer's obligation. You agree that we may renew, extend or change this Contract, or release any party or Property without releasing you from this Contract. We may take these steps without notice or demand upon you. **You acknowledge receipt of a completed copy of this Contract.**

| N/A | N/A |
|---|---|
| By: | Date |
| Signature of Third Party Owner (NOT the Buyer) | |

Note: If the primary use of the Vehicle is not personal, family or household use, then this is not a consumer contract, and the following notice does not apply.

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

### Used Car Buyer's Guide

Used Car Buyer's Guide. The information you see on the window form for this Vehicle is part of this Contract. Information on the window form overrides any contrary provisions in the contract of sale.

### Guía para compradors de vehículos usados

Guía para compradors de vehículos usados. La información que aparece en la ventanilla de este vehículo forma parte de este contrato. La información contenida en el formulario de la ventanilla anula cualquier estipulación que establezca lo contrario y que aparezca en el contrato de venta.

### Right of Seller to Cancel

If you sign the Right of Seller to Cancel in the "Signatures" section of this Contract, you agree to the following:
- You acknowledge that it may take a few days for the Seller to verify your credit and assign the Contract to a financial institution.
- If the Seller is unable to get a financial institution it regularly does business with to accept an assignment of the Contract on terms that are satisfactory to the Seller, the Seller may elect to cancel (rescind) the Contract by giving you a notice of cancellation within 10 days after the date you signed this Contract.
- Upon receipt of a notice of the cancellation within 10 days after you signed this Contract, you agree to immediately return the Vehicle to the Seller free of all liens apart from this Contract in the same condition as it was in when you received it, except for reasonable wear and tear.
- After you return the Vehicle, the Seller agrees to return to you any trade-in vehicle and all amounts you paid to the Seller under this Contract.
- You agree that, if you do not immediately return the Vehicle to the Seller, the Seller will be entitled to recover all amounts you owe the Seller under this Contract to the extent permitted by law.
- You also agree that, if you do not immediately return the Vehicle to the Seller, the Seller will be entitled to repossess the Vehicle, and you will pay the Seller all its expenses (including attorneys' fees) incurred in repossessing the Vehicle, to the extent permitted by law.
- You agree that, until the Seller receives the Vehicle back from you, you will continue to have all the Buyer's obligations under this Contract, including, but not limited to, the provisions regarding insurance and use of the Vehicle; you will have all the risk of loss or damage to the Vehicle; and you will be responsible for any injuries or property damage caused by use of the Vehicle.
- You agree that if the Vehicle is damaged before it is retuned to the Seller you will pay the Seller the cost of repairing it.
- You agree that the provisions of this "Right of Seller to Cancel" will continue to be effective even after this contract is cancelled.

### Additional Important Notices

**Notice of Complaints.** If you have a complaint concerning this sale, you should try to resolve it with the seller.

Complaints concerning unfair or deceptive practices or methods by the seller may be referred to the city attorney, the district attorney, or an investigator for the Department of Motor Vehicles, or any combination thereof.

After this contract is signed, the seller may not change the financing or payment terms unless you agree in writing to the change. You do not have to agree to any change, and it is an unfair or deceptive practice for the seller to make a unilateral change.

*Linda Williams*                                N/A
**Buyer**  Linda Williams                **Co-Buyer**

**Waiver of Confidentiality.** California Vehicle Code Section 1808.21 provides, among other things, that your resident address in any record of the California Department of Motor Vehicles is confidential.

You waive this provision and authorize the California Department of Motor Vehicles to furnish your residence address to us.

N/A                                        N/A
**Buyer**                                  **Co-Buyer**

*[This space intentionally left blank.]*

*[This space intentionally left blank.]*

REDACTED Case 2:18-bk-17170-VZ    Doc 25    Filed 08/20/18    Entered 08/20/18 16:48:52    Desc
Main Document    Page 13 of 16

THIS IS A COPY
This is a copy view of the Authoritative Copy held by the designated custodian.

☒ **Electronic Signature Acknowledgment.** You agree that (i) you viewed and read this entire Contract before signing it, (ii) you signed this Contract with one or more electronic signatures, (iii) you intend to enter into this Contract and your electronic signature has the same effect as your written ink signature, (iv) you received a paper copy of this Contract after it was signed, and (v) the authoritative copy of this Contract shall reside in a document management system held by Seller in the ordinary course of business. You understand that Seller may transfer this Contract to another company in the electronic form or as a paper version of that electronic form which would then become the authoritative copy. Seller or that other company may enforce this Contract in the electronic form or as a paper version of that electronic form. You may enforce the paper version of the Contract copy that you received.

### Notice To Buyer.
(1) Do not sign this agreement before you read it or if it contains any blank spaces to be filled in. (2) You are entitled to a completely filled-in copy of this agreement. (3) You can prepay the full amount due under this agreement at any time. (4) If you default in the performance of your obligations under this agreement, the vehicle may be repossessed and you may be subject to suit and liability for the unpaid indebtedness evidenced by this agreement.

☐ If this box is checked, you will owe no Finance Charge if you pay the Amount Financed on or before _____N/A_____ (date)
Seller's initials ___N/A___ .

### Signatures

Changes to this Contract must be in writing and signed by both you and our authorized representative. Oral changes are not binding.

*Linda Williams*                              N/A
Buyer signs                                   Co-Buyer signs

_____
The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this Contract and retain its right to receive a part of the Finance Charge.

**Right of Seller to Cancel.** By signing below, you agree that the *Right of Seller to Cancel* section of this Contract will apply. This provision gives us the right to cancel this Contract if we are unable to assign the Contract.

N/A                          N/A
Buyer                        Co-Buyer

You agree to the terms of this Contract. By signing below, you become legally obligated to perform the terms of this Contract and acknowledge that (1) before you signed it, we gave you the completely filled-in Contract and you had a chance to take it and thoroughly read and review it, and (2) you received a completely filled-in copy of the Contract.

---

**THERE IS NO COOLING OFF PERIOD UNLESS YOU OBTAIN A CONTRACT CANCELLATION OPTION.**

California law does not provide for a "cooling off" or other cancellation period for vehicle sales. Therefore, you cannot later cancel this contract simply because you change your mind, decide the vehicle costs too much, or you wish you had acquired a different vehicle. After you sign below, you may only cancel this contract with the agreement of the seller or for legal cause, such as fraud.

However, California law does require a seller to offer a two-day contract cancellation option on used vehicles with a purchase price of less than forty thousand dollars ($40,000), subject to certain statutory conditions. This contract cancellation option requirement does not apply to the sale of a recreational vehicle, a motorcycle or an off-highway motor vehicle subject to identification under California law. See the vehicle contract cancellation option agreement for details.

---

Buyer                                    Co-Buyer

*Linda Williams*  12/21/17               N/A
                 Date                                   Date

Seller

*[signature]*
                                              12/21/17
By:        CARVANA, LLC                        Date

**Assignment.** This Contract and Security Agreement is assigned to _____
_____ ,
the Assignee, phone _____. This assignment is made under the terms of a separate agreement made between the Seller and Assignee. ☐ This Assignment is made with recourse.

Seller

By _____  Date

---

# EXHIBIT "B"

TO PROPERLY RELEASE YOUR LIABILITY, PLEASE READ AND FOLLOW INSTRUCTIONS ON REVERSE SIDE
SECTIONS A-J MUST BE COMPLETED. PLEASE PRINT IN CAPITAL LETTERS – USE BLACK OR BLUE INK

**NOTICE OF TRANSFER AND RELEASE OF LIABILITY**

DMV MICROGRAPHICS USE ONLY

MAIL THIS PORTION TO DMV-OR-FILE ONLINE AT dmv.ca.gov

A. NEW OWNER'S *LAST* NAME (OR) COMPANY NAME    FIRST

B. NEW OWNER'S ADDRESS    APT NUMBER    C. ODOMETER READING (NO TENTHS)

D. CITY    STATE    ZIP CODE    E. DATE OF SALE OR LEASE RETURN  MO. DAY YR

F. SELLER'S OR LESSEE'S *LAST* NAME (OR) COMPANY NAME    FIRST    G. SELLING PRICE (NO CENTS) WHOLE DOLLARS

H. SELLER'S OR LESSEE'S ADDRESS    APT NUMBER    I. SELLER'S OR LESSEE'S SIGNATURE  X

J. CITY    STATE    ZIP CODE

VEHICLE ID NUMBER: 1G4PW5SK9G4164094
YR. MODEL  MAKE: 2016  BUIC
PLATE NUMBER: 8BVW763

REG 138A (REV. 10/2012)

---

**STATE OF CALIFORNIA**
**CERTIFICATE OF TITLE**

68118012933

AUTOMOBILE

VEHICLE ID NUMBER: 1G4PW5SK9G4164094
YR MODEL: 2016   MAKE: BUIC   PLATE NUMBER: 8BVW763

BODY TYPE MODEL: 4D
AX
UNLADEN WEIGHT
FUEL: G
TRANSFER DATE
FEES PAID: $1911
REGISTRATION EXPIRATION DATE: 12/22/2018

YR 1ST SOLD
CLASS: DN   *YR: 2017   MO: ZM
EQUIPMT/TRUST NUMBER
ISSUE DATE: 01/29/18

MOTORCYCLE ENGINE NUMBER

ODOMETER DATE: 12/21/2017
ODOMETER READING: 22475 MI
ACTUAL MILEAGE

REGISTERED OWNER(S)
WILLIAMS LINDA
1981 SANTA ANA S
LOS ANGELES CA 90059

I certify (or declare) under penalty of perjury under the laws of the State of California that THE SIGNATURE(S) BELOW RELEASES INTEREST IN THE VEHICLE.

1a. ___ DATE   X ___ SIGNATURE OF REGISTERED OWNER
1b. ___ DATE   X ___ SIGNATURE OF REGISTERED OWNER

Federal and State law requires that you state the mileage upon transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment.

The odometer now reads ____,____ (no tenths), miles and to the best of my knowledge reflects the actual mileage unless one of the following statements is checked. Mileage is VOID if altered or erased.

WARNING  ☐ Odometer reading is **not** the actual mileage.  ☐ Mileage exceeds the odometer mechanical limits.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATE   TRANSFEROR/SELLER SIGNATURE(S) X
DATE   TRANSFEREE/BUYER SIGNATURE(S) X
PRINTED NAME OF SELLER OR AGENT SIGNING FOR A COMPANY
PRINTED NAME OF BUYER OR AGENT SIGNING FOR A COMPANY

**IMPORTANT READ CAREFULLY**
Any change of Lienholder (holder of security interest) must be reported to the Department of Motor Vehicles within 10 days.

LIENHOLDER(S)
CARVANA LLC
PO BX 29002
PHOENIX
AZ 85038

2. X ___
Signature releases interest in vehicle. (Company names must be countersigned)
Release Date ___

CA 178979252
022477
REG. 17.30RS (REV.02/2016)

VOID WITHOUT BEAR WATERMARK. HOLD TO LIGHT TO VIEW.

KEEP IN A SAFE PLACE - VOID IF ALTERED

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

1920 Old Trustin Ave.
Santa Ana, CA 92705

A true and correct copy of the foregoing document entitled (*specify*): _____
_____
OBJECTION TO CONFIRMATION OF DEBTOR'S PLAN
_____
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 08/20/2018_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Debtor's Counsel: Raymond Perez, rperezlaw.ela@gmail.com
Trustee: Nancy K Curry (TR), TrusteeECFMail@gmail.com
U.S. Trustee: United States Trustee (LA), ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*)   08/20/2018_____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Debtor: James Alan Williams, 1981 Santa Ana South, Los Angeles, CA 90059 (U.S. Mail)
Joint Debtor: Linda Carol Williams, 1981 Santa Ana South, Los Angeles, CA 90059 (U.S. Mail)
Judge: Honorable Vincent P. Zurzolo, 255 E. Temple Street, Suite 1360, Los Angeles, CA 90012 (U.S. Mail)

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 08/20/2018 | Jeremy Romero | /s/ Jeremy Romero |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**